Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiffs Jonathan G. Nevin &
Kathleen Nevin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonathan G. Nevin & Kathleen Nevin, <br><br> Plaintiffs, <br><br> v. <br><br> Central Mortgage Company Which Will do Business in California as Central Mortgage Loan Servicing Company; Experian Information Solutions, Inc.; Equifax Information Services LLC; and Trans Union LLC. <br><br> Defendant. | Case No. <br><br> COMPLAINT <br><br> (Fair Credit Reporting Act 15 USC § 1681 et seq) <br><br> DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1.     This is an action for damages brought by individual consumers Jonathan G. Nevin and Kathleen Nevin against Central Mortgage Company, Experian Information Solutions, Inc., Equifax Information Services LLC; and Trans Union LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*.  (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a)-(c).

**The Parties**

**2.**　　Plaintiffs Jonathan G. Nevin and Kathleen Nevin, husband and wife, are individual consumers.

**3.**　　Defendant Central Mortgage Company Which Will Do Business in California as Central Mortgage Loan Servicing ("Central Mortgage") is an Arkansas corporation in the business of servicing mortgage loans headquartered in Little Rock, Arkansas.

**4.**　　Defendant Experian Information Solutions, Inc. is an Ohio corporation.

**5.**　　Defendant　Equifax Information Services LLC is a limited liability company organized under the laws of Georgia;

**6.**　　Trans Union LLC is a limited liability company organized under the laws of Delaware.

**Jurisdiction & Venue**

**7.**　　The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p and supplemental jurisdiction over the California Civil Code claims pursuant to 15 USC § § 1367.

**8.**　　The defendants regularly conduct business in this district.

**Description of the Case**

**9.**　　Plaintiffs have a loan from defendant Central Mortgage secured by a deed of trust on their single family home located in La Mesa, California. Central Mortgage also services the loan. The current balance of the loan is $672,442.

**10.**　　Due to some financial difficulties, beginning in January 2013, plaintiffs asked Central Mortgage for a loan modification to reduce their monthly mortgage payment.

**11.**　　Central Mortgage offered to let plaintiffs enter into a Home Affordable Modification Trial Period Plan ("Trial Plan") under which plaintiffs would be obligated to pay a reduced monthly

payment of $2,889.64 for the three months beginning March 1, 2013. Plaintiffs accepted the offer and made the three payments of that amount each month on a timely basis.

12.     Going into the Trial Period, plaintiffs had made their monthly loan payments on a timely basis.

13.     Upon successful completion of the Trial Plan, Central Mortgage offered plaintiffs a final and permanent loan modification under which plaintiffs were obligated to pay $2,886.37 per month for the first three years and varying amounts thereafter. Plaintiffs accepted the offer and have made all required payments to date.

14.     Beginning in February 2013, Central Mortgage began reporting to defendants Experian, Equifax, and Trans Union that plaintiffs were 30 days overdue making their February, March, and April 2013 mortgage payments, which are the months plaintiffs were making the payments due under the Trial Plan.

15.     Plaintiffs sent Central Mortgage an email on July 17, 2013, disputing the credit reporting during those months. Plaintiffs pointed out they made all the required payments.

16.     In response to plaintiffs' dispute, Central Mortgage sent plaintiffs a letter that states, "we are unable to comply with the request to correct your credit reporting."

17.     Plaintiffs disputed Central Mortgage's reporting by contacting Experian, Equifax and Trans Union, the three national credit reporting agencies, asking those entities to conduct investigations into Central Mortgage's reports that plaintiffs were past due on the account. Upon receipt of the dispute letters, the credit reporting agencies sent automated consumer dispute verification requests to Central Mortgage asking it to investigate the dispute. Upon receipt of the requests, Central Mortgage was obligated to conduct a reasonable investigation as to its credit reporting on the account. However, Central Mortgage failed and refused to conduct a reasonable investigation and instead merely verified its reporting as correct.

18.     Central Mortgage is a participant in the Making Home Affordable Program "MHA Program," which is a voluntary program that operates under guidelines promulgated by various federal agencies.

19.     The MHA Program has a Servicing Guide of guidelines that participants are obligated to follow.

20.     The MHA Program Servicing Guide states that servicers should report the exact status of each mortgage loan that has been modified in accordance with the Fair Credit Reporting Act and that with respect to credit reporting during the Trial Period,

- "If the borrower was current with payments prior to the trial period and he or she makes each trial period payment on time, servicers must report the borrower current (Account Status 11) during the trial period and report Special Comment Code 'AC' (Paying under a partial or modified payment agreement." The servicer must also report the modification when completed."

21.     Central Mortgage's reporting on plaintiffs' account for the Trial Plan period was in violation of the MHA Program guidelines and in violation of the Fair Credit Reporting Act and the California Consumer Credit Reporting Agencies Act.

22.     Central Mortgage's credit reports to the credit bureaus were inaccurate, misleading, and incomplete. The reporting was inaccurate because plaintiffs' account was never late; on the contrary, plaintiffs made each payment as agreed on a timely basis. The credit reporting was misleading because the reports by the credit reporting agencies would reasonably lead a creditor to believe plaintiffs had not made the payments due under the mortgage loan on a timely basis. The reporting was incomplete the reports failed to state that plaintiffs made the required payments due under a Trial Plan on a timely basis.

**23.** Despite plaintiffs' efforts, Central Mortgage willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate, misleading and incomplete credit information.

**24.** As a result of defendants' conduct, plaintiffs have suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiffs will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**First Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Central Mortgage**

**25.** Plaintiffs incorporate by reference ¶¶ 1-24.

**26.** California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

**27.** Central Mortgage negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate, misleading, and incomplete.

**28.** Central Mortgage failed to conduct a reasonable investigation as to whether its credit reporting was accurate, misleading or incomplete.

**29.** Based on these violations of Civil Code § 1785.25 (a), plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**Second Claim: Violations of the Fair Credit Reporting Act—Against Central Mortgage**

**30.** Plaintiffs incorporate by reference ¶¶ 1-29.

**31.** The FCRA requires a furnisher such as Central Mortgage, after receiving notice from

a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

32.    Within the last two years, defendant Central Mortgage provided inaccurate and misleading information to the credit reporting agencies.

33.    Central Mortgage violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

(c) willfully and negligently failing to report the results of investigations to the three national credit reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence plaintiff submitted to defendants that proved that the information concerning plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to the credit reporting agencies;

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681-s-s(b); and

**34.**    As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violations of the Fair Credit Reporting Act—Against Trans Union, Equifax & Experian**

**35.**  Plaintiffs incorporates by reference ¶¶ 1 through 34.

**36.**    The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

**37.**    In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

**38.**    Within the two years preceding the filing of this complaint, Plaintiff notified the defendant credit reporting agencies inaccuracies contained in their reports and asked them to correct the inaccuracies.

**39.**    The defendant credit reporting agencies failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

**40.**    The defendant credit reporting agencies failed to review and consider all relevant

information submitted by Plaintiff.

**41.** The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

**42.** As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

**43.** The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

## PRAYER

WHEREFORE, plaintiffs pray for judgment as follows:

1. Actual, statutory and punitive damages;

2. Injunctive relief;

3. Costs and attorney's fees; and

4. Such other relief as the Court may deem proper.

Dated: August 28, 2013.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

Dated: August 28, 2013.         ANDERSON, OGILVIE & BREWER LLP

By */s/ Mark F. Anderson*
Mark F. Anderson